■ FORT AMHERST REALTY Co., INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 40683.) — STALEY, JR., J. Appeal by the State of New York, and cross appeal by claimant from a judgment based on an award of the Court of Claims for the appropriation of lands in the Town of Queensbury, Warren County, New York. Claimant, a real estate developer, was the owner of 50.9 acres of land in the Town of Queensbury, Warren County, consisting of 26.65 acres on the north side of Aviation Road, and 24.25 acres on the south side of said road. A portion of the land on the north side of the road had been subdivided, and developed into lots, and was designated Area A by the court. The remaining land on the north side of the road was designated Area B and the land to the south of the road was designated Area C by the court. Preliminary plans for the subdivision of Areas B and C had been made including surveys, proposed lot layouts, and topographic maps, in anticipation of the development of the land into a residential subdivision. The property was within two miles of the City of Glens Falls, and other residential areas were located nearby. The State began its surveys in the area for the construction of the Northway in 1956, and the claimant ceased work on developing the area, when the surveyors' stakes indicated that the highway would pass across the property, on the basis that any further active development would be futile.

The actual taking took place in 1960. The claimant's experts gave the best use of the parcels as residential, and the State's expert gave it as commercial, business and partial residential. On the basis that Area A had actually been subdivided, and the subdivision map had been filed in the County Clerk's office, and preliminary maps had been prepared for the remainder of the property, both north and south of Aviation Road, the claimant's experts valued the premises on a per lot basis using an average value less development costs for each of the lots. The State's expert gave an average value of $800 per acre, and did not differentiate in value between the areas where he felt the best use was commercial or business, as opposed to residential. Many of the alleged comparables of the State's expert were not truly comparable, being too remote in time to the actual taking or being in areas not similarly situated, and his testimony does not indicate that any attempt was made to adjust the figures by reason of such differences. The court found that the highest and best uses of the property were as a potential subdivision site, and that neither the claimant's nor the State's appraisal methods were " realistic " nor in accord with the case of *Hewitt* v. *State of New York* (18 A D 2d 1128). The court conscientiously sought to apply the legal principles set forth in *Hewitt* v. *State of New York* (*supra*), and treat the premises, not as raw acreage, nor as lots in a completed subdivision, but as a potential subdivision site giving the acreage an increment in value because of that potential use. Substantial difficulty exists, however, to find support for the court's conclusions in the record, inasmuch as the court's figures appear essentially to be the State's average acre appraisal figures doubled for the area north of Aviation Road, and multiplied by 1½ for the area south of Aviation Road, with no evidence in the record as to what increment should be added to raw acreage in valuing the same as a potential subdivision site. There must be, in the record, sufficient evidence to support the value actually found by the court. (*Matter of City of New York* [*A & W Realty Corp.*], 1 N Y 2d 428, 433.) The absence of such evidence in the record mandates in fairness to both parties, a reversal and remand for a new trial so as to give both parties an opportunity to provide evidence of value under the *Hewitt* formula. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Gibson, P. J., Reynolds and Brink, JJ., concur with Staley, Jr., J.